THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MERTON C. BORDEN, Appellant.

County Court, Tioga County, July 20, 1929.

*Tillapaugh & Relihan,* for the appellant.

*George L. Andrews, District Attorney,* for the respondent.

TURK, J.   It appears that on the 21st day of February, 1929, one Edward W. McCadden was arrested in the village of Owego while in an intoxicated condition, and the next morning he made an affidavit stating that on the 21st day of February, 1929, he purchased intoxicating liquors from this defendant at the residence of defendant in the village of Owego.   On this affidavit and an information furnished by McCadden, the defendant was charged with maintaining a public nuisance in violation of section 1530 of the Penal Law, in that he then did acts which did annoy, injure and endanger the comfort, repose, health and safety of a considerable number of persons; did offend public decency and did render a considerable number of persons insecure in life and property in that he did allow a crowd to congregate at his residence and did sell intoxicating liquor to the persons congregated in violation of law.

On the trial McCadden testified that he and a man by the name of Alexander went to defendant's home and while he was there he purchased a drink of whisky from the defendant for which he paid the sum of thirty-five cents; that he later returned and purchased four or five other drinks.   This was about nine-thirty o'clock in the morning.   He and his companion were the only persons in the house at the time except the family of the defendant.

A witness who lived across the street testified that he saw McCadden being assisted from the defendant's home on the night in question and that he appeared to be in an intoxicated condition, but McCadden testified that he secured drinks in several other places before he went to defendant's home.   The witness residing across the street also testified that he had seen other people come to defendant's home on the twenty-first of February but did not see any of them come out in an intoxicated condition; that there was no crowd and no disturbance or disorder; that he was not annoyed by the condition and that about a week previous to that time he had seen persons staggering on the street who had previously come from defendant's home.   He did not know of any sales the defendant had made.   This was the whole of the People's case, except that the People were erroneously permitted to examine the defendant's wife relative to a prior conviction of the defendant.

Since the repeal of the Mullen-Gage Act in 1923, towns and villages which, prior to that repeal, were practically dry have become " dripping wet," and many citizens who believe in law enforcement and decent living have been greatly annoyed by the

knowledge that liquor was being bought and sold on all sides of them. Prohibition agents have been appealed to without much success, and local officials have been powerless.

On December 31, 1928, the case of *People* v. *Vandewater* (250 N. Y. 83) was decided by the Court of Appeals of this State. By this decision the maintaining of a room in the rear of a store, which room contained a bar with bottles of various kinds of liquors displayed, small tables and chairs; was near a school, immediately adjacent to a confectionery and ice cream shop, to which school children came during the lunch hour, which was in fact a saloon where many people gathered and were served with intoxicating liquor and which had been maintained, according to the evidence produced, as such a saloon for a long period of time, was a violation of section 1530 of the Penal Law, to wit, a public nuisance, punishable in the State court.

Following this decision many police officers, public-spirited citizens and some public officials believed that the Court of Appeals had outlined a remedy for the conditions existing and that every case where there was a sale of intoxicating liquors was subject to prosecution as a public nuisance.

The Court of Appeals in the *Vandewater* case made no attempt to invade the legislative field " through the creation of new crimes by the courts," and they did not decide that all sales of liquor constitute acts of maintaining public nuisances.

The case of *People* v. *Cook* (220 App. Div. 110; affd., 248 N. Y. 597) is controlling in the instant case. In the *Cook* case it was held that the selling of intoxicating liquor in the home of defendant, in violation of the National Prohibition Act (41 U. S. Stat. at Large, 307, chap. 85, tit. 2), to several persons and in the presence of other persons without disturbance, did not constitute a nuisance in violation of sections 1530 and 1532 of the Penal Law. The *Cook* case was not reversed or modified by the *Vandewater* case, but was in fact cited in the *Vandewater* case and is the law of the land today.

This defendant is undoubtedly guilty of the crime of violating the National Prohibition Act and should be prosecuted in the proper court, to wit, the Federal court. The evidence is not, however, sufficient to warrant a conviction for maintaining a public nuisance in a State court.

It follows then that the judgment of the lower court must be reversed on the law, and the defendant discharged.

An order may be entered accordingly.